IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| COASTAL CONSTRUCTION COMPANY, INC., <br><br> Plaintiff, <br><br> vs. <br><br> NORTH AMERICAN SPECIALTY INSURANCE COMPANY, et al., <br><br> Defendants. | Civ. No. 11-00115 HG-BMK <br><br> FINDINGS AND RECOMMENDATION THAT THIRD-PARTY DEFENDANT MARSH USA INC.'S MOTION TO REMAND BE GRANTED IN PART AND DENIED IN PART |

FINDINGS AND RECOMMENDATION THAT THIRD-PARTY
DEFENDANT MARSH USA INC.'S MOTION TO REMAND
BE GRANTED IN PART AND DENIED IN PART

Before the Court is Third-Party Defendant Marsh USA Inc.'s ("Marsh") Motion to Remand to State Court.[1] The Court heard this Motion on April 8, 2011. After careful consideration of the Motion, the supporting and opposing memoranda, and the arguments of counsel, the Court finds and recommends that Marsh's Motion be GRANTED IN PART and DENIED IN PART.

---

[1] Plaintiff Coastal Construction Company, Inc. ("Coastal"), as well as Defendants/Cross-Claimants/Third-Party Plaintiffs Haseko Homes, Inc. and Haseko Construction, Inc. (collectively, "Haseko"), join in the present Motion to Remand.

BACKGROUND

On February 23, 2010, Coastal commenced this action in the First Circuit Court of the State of Hawaii against Defendant North American Specialty Insurance Company ("NASIC") and Haseko. (Doc. 1 ¶ 1.) Coastal filed a First Amended Complaint on February 25, 2010. (Id.)

On March 2, 2010, Haseko filed (1) an Answer to Coastal's Complaint, (2) a Cross-Claim against NASIC, and (3) a Third-Party Complaint against Marsh and Clarendon America Insurance Company ("Clarendon"). (Id. ¶ 2.)

NASIC removed the case to federal court on the basis of diversity, asserting that Haseko was fraudulently joined and should be ignored for purposes of jurisdiction. (Id. ¶ 3.) Coastal and Haseko thereafter moved to remand. (Id.) On July 14, 2010, this Court found and recommended that the case be remanded. (Id. ¶ 4; see Coastal Constr. Co. v. North Am. Specialty Ins. Co., No. 10-00206 DAE-BMK at Doc. 39.) Judge David Alan Ezra adopted the findings and recommendations, and the case was remanded to state court. (Id.)

After remand, Marsh answered Haseko's Third-Party Complaint and filed a Cross-Claim against North American and Clarendon, seeking a declaration of rights under their insurance policies. (Id. ¶¶ 6, 8.)

On December 9, 2010, Clarendon filed a motion to sever the insurance coverage claims against NASIC and Clarendon from the "arrangement claims" between the remaining parties. (Id. ¶ 10.) NASIC joined in Clarendon's motion. (Id.) On February 8, 2011, Judge Karl K. Sakamoto held a hearing on the motion to sever, orally granted the motion, and issued Court Minutes to that effect. (Id. ¶ 11.) Judge Sakamoto severed the arrangement claims from the coverage claims.

On February 22, 2010, NASIC filed a Notice of Removal and removed the severed coverage claims.[2] (Id.) The Notice of Removal states that "the Court has subject matter jurisdiction based on diversity of citizenship." (Id. ¶ 16.) Judge Sakamoto thereafter issued a written order on the motion to sever. (Ex. 4 attached to Motion.) In his order, Judge Sakamoto directed the clerk of court:

> to assign a new civil number to the severed case bearing the following caption:
>
> COASTAL CONSTRUCTION COMPANY, INC.;
> HASEKO HOMES, INC.; HASEKO CONSTRUCTION, INC.; and Marsh USA Inc.,
>          Plaintiffs,
>    vs.
> NORTH AMERICAN SPECIALTY INSURANCE COMPANY, as successor in interest to

---

[2] The parties dispute whether NASIC removed the arrangement claims or the coverage claims. For purposes of this Order, the Court assumes the coverage claims were removed.

UNDERWRITERS INSURANCE COMPANY; and
CLARENDON AMERICA INSURANCE COMPANY.
Defendants.

(Ex. 4 attached to Motion at 3.)

On March 15, 2011, after the state court assigned a civil number to the severed claims, NASIC filed an Amended Notice of Removal to "clarif[y] that it has removed the new case, Civil No. 11-1-0417 PWB, from the Circuit Court of the First Circuit." (Doc. 18 at 2-3.) In its Amended Notice of Removal, NASIC notified the Court that a "similar matter involving the same parties and same insurance coverage issues is already before the Federal Court in <u>TIG Insurance Company v. Haseko Homes, Inc., et al.</u>, CV 10-00107 LEK-KSC," which is a consolidated case ("Consolidated <u>TIG</u> case"). (<u>Id.</u> ¶ 13.)

Both Notices of Removal note that Marsh, a plaintiff in the severed case, and Clarendon, a defendant in the severed case, are citizens of New York. However, NASIC states in its Amended Notice of Removal that "Marsh's presence does not destroy jurisdiction . . . because (a) Marsh was already made a party to the [Consolidated <u>TIG</u> case] and (b) as a not indispensable party, Marsh can be dismissed from this action under Rules 19(b) and 21." (Doc. 18 ¶ 14.)

## DISCUSSION

In its Motion to Remand, Marsh presents several arguments regarding alleged procedural defects in NASIC's removal of this case from state court. Specifically, Marsh argues that NASIC removed the "wrong action," that the Amended Notice of Removal was untimely and "does not relate back to the original" Notice of Removal, and that Clarendon "failed to timely join in the removal." Marsh also contends that the Voluntary-Involuntary Rule bars removal of this action. For purposes of this Order, however, the Court declines to address these alleged procedural defects or the Voluntary-Involuntary Rule because, for other reasons discussed below, the Court nevertheless finds and recommends that this case be remanded.

I.	Diversity Jurisdiction

The parties do not dispute that Marsh and Clarendon are corporate citizens of New York. Marsh therefore argues that this Court lacks diversity jurisdiction over this case. In response, NASIC and Clarendon contend that Marsh does not destroy diversity jurisdiction because it should be dismissed as a non-indispensable party or, alternatively, that Marsh's citizenship should be ignored pursuant to the doctrine of fraudulent joinder.

A civil action filed in state court may be removed to federal district court only if the action could have brought in the federal district court originally. 28 U.S.C. § 1441(a) and (b); Matheson v. Progressive Speciality Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). Federal district courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship. 28 U.S.C. § 1332(a)(1); Matheson, 319 F.3d at 1090. Complete diversity of citizenship requires that each of the plaintiffs be a citizen of a different state than each of the defendants. Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)).

In this case, Marsh, a plaintiff in this case, and Clarendon, a defendant, are both corporate citizens of New York. Consequently, unless NASIC or Clarendon can demonstrate that an exception to complete diversity applies in this case, remand for lack of diversity jurisdiction is proper.

A. Dismissal of Marsh as a Non-Indispensable Party

NASIC and Clarendon argue that Marsh's presence in this case should not defeat diversity jurisdiction because it is a non-indispensable party that this

Court should dismiss from this case.³ They contend that "Marsh is wholly unnecessary to this action as it admittedly seeks the same relief sought by Coastal and Haseko." (Clarendon Opp. at 14; NASIC Opp. at 19.) They also point out that Marsh was allowed to intervene in the federal Consolidated TIG case, wherein Marsh proffered that diversity was not offended by its intervention because it was "not an indispensable party." (NASIC Opp. at 19; Clarendon Opp. at 15.)

NASIC and Clarendon refer this Court to Rules 19 and 21 of the Federal Rules of Civil Procedure. Rule 19 lists the following factors the Court may consider with respect to whether a party is indispensable:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
>     (A) protective provisions of the judgment;
>     (B) shaping the relief; or
>     (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether a plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

---

³ On March 16, 2011, Clarendon filed a Motion to Dismiss Marsh's Cross-Claim for Declaratory Relief, and NASIC joins in that Motion. The Motion to Dismiss and joinder are not presently before the Court.

Rule 21 authorizes the Court to "at any time, on just terms, add or drop a party." However, as discussed below, dropping Marsh from the case will not cure the lack of removal jurisdiction.

The Ninth Circuit has stated "the core principle of federal removal jurisdiction on the basis of diversity [is] that it is determined (and must exist) as of the time the complaint is filed and removal is effected." Strotek Corp. v. Air Transport Ass'n of Am., 300 F.3d 1129, 1131 (9th Cir. 2002). Stated differently, "an action must 'be fit for federal adjudication when the removal petition is filed.'" Sparta Surgical Corp. v. Nat'l Ass'n of Securities Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998). Indeed, post-removal developments in a case cannot cure jurisdiction that was lacking at the time of removal:

> If one keeps in mind the fundamental precept that removal jurisdiction must be ascertained as of the time of removal, one may fairly derive from these cases the principle that removal on the ground of diversity is not subject to post-hoc justification. In other words, a court cannot test the propriety of removal by ascertaining whether the statutory requirements are met prospectively; "[d]evelopments in the lawsuit subsequent to removal can not serve to confer federal court jurisdiction if none in fact existed as of the time of removal."

Vasura v. Acands, 84 F. Supp. 2d 531, 538 (S.D.N.Y. 2000) (ellipses points omitted).

The Court need not determine whether Marsh should be dismissed from this case because dismissing Marsh now does not cure the lack of complete diversity "at the time of removal." See Rudow v. Monsanto Co., No. C99-4700 THE, 20014 WL 228163, at *2 (N.D. Cal. 2001) ("In the case of removal based on diversity jurisdiction, there must be complete diversity at the time the action was filed and at the time of removal."). Clearly, when this case was removed to federal court, complete diversity was lacking because Marsh and Clarendon are both citizens of New York. A post-removal dismissal of Marsh "can not serve to confer federal court jurisdiction if none in fact existed as of the time of removal." Vasura, 84 F. Supp. 2d at 538. The Court therefore rejects NASIC's and Clarendon's contention that Marsh's dismissal from this case would cure the lack of diversity jurisdiction at the time of removal.

B.  Fraudulent Joinder

Clarendon argues that "the Court should ignore Marsh for purposes of diversity analysis pursuant to the doctrine of fraudulent joinder." (Clarendon Opp. at 16.) Marsh responds that Clarendon's assertion of fraudulent joinder is untimely.

Pursuant to 28 U.S.C. § 1446(b), the Notice of Removal in this case was to "be filed within thirty days after receipt by the defendant . . . of a copy of an

9

. . . order or other paper from which it may first be ascertained that the case is one which is or has become removable. . . ." "Allegations of fraudulent joinder constitute a substantive basis for removal and must be raised before the 30-day deadline of removal expires." Aswathi v. Infosys Tech., Ltd., No. C-10-0783 JCS, 2010 WL 2077161, at *4 (N.D. Cal. May 21, 2010). Raising fraudulent joinder as a basis for removal in opposition to a motion to remand after the thirty-day period has expired is untimely. See id. at *5 ("the Defendants' arguments in opposition to the present remand motion regarding fraudulent joinder are beyond the thirty day time limit and will not be considered by this Court").

In a similar case, the Northern District of California declined to consider the defendant's fraudulent joinder argument that was raised for the first time in opposition to a motion for remand after the thirty-day period expired. In Dean Witter Reynolds, Inc. v. Swett & Crawford, No. C-92-3841-JPV, 1992 U.S. Dist. Lexis 20093, at *1 (Dec. 23, 1992), the defendant removed the case to federal court, alleging that the basis for federal jurisdiction was diversity of citizenship. The notice of removal did not raise the issue of fraudulent joinder. The plaintiffs thereafter filed a motion to remand. Id. The defendant "opposed plaintiffs' motion for remand on the grounds that [another defendant] was fraudulently joined." Id.

at *2-3. The court declined to consider the fraudulent joinder argument as untimely:

> Whatever the merit of this [fraudulent joinder] argument, this court will not consider it, as its duty is to look only at the notice of removal itself. Moreover, after the thirty day period to file a notice has expired, "the removal petition cannot be amended to add allegations of substance but solely to clarify 'defective' allegations of jurisdiction previously made." Barrow Dev. Co. v. Fulton Ins. Co., 418 F.2d 316, 317 (9th Cir. 1969).
> Defendant's theory of fraudulent joinder is now raised [in opposition to the motion for remand] well after the thirty day period in which to file and constitutes just such an "allegation of substance." Consequently, this court will neither consider the fraudulent joinder theory nor grant defendant leave to amend its notice of removal in order to include this theory.
> Thus, this action stands before this court with only one basis for jurisdiction – diversity. This court finds that plaintiff Dean Witter and defendant Bowes of New York are, for diversity purposes, both subsisting corporate citizens of New York and thus diversity jurisdiction does not exist. Accordingly, this court now GRANTS plaintiffs' motion for remand

Id. at *3-4; see also Aswathi, 2010 WL 2077161, at *4 ("the Defendants' arguments in opposition to the present remand motion regarding fraudulent joinder are beyond the thirty day time limit and will not be considered by this Court").

In the present case, NASIC stated in its Notice of Removal that "the state court's February 8, 2011 Court Minutes Text and oral ruling at the hearing provide a basis from which it could first be ascertained that the case had become

11

removable." (Doc. 1 at ¶ 18; Doc. .)  Thus, according to NASIC, the thirty-day time period to file the Notice of Removal, including an assertion of fraudulent joinder, began on February 8, 2011.  See 28 U.S.C. § 1446(b); Aswathi, 2010 WL 2077161, at *4.  The thirty-day time period therefore expired on March 10, 2011.

NASIC timely filed its Notice of Removal within the thirty-day period, on February 22, 2011.  (Doc. 1.)  NASIC filed its Amended Notice of Removal on March 15, 2011.  (Doc. 18.)  Both Notices of Removal state that "[f]ederal jurisdiction exists on the grounds of diversity."  (Doc. 18 ¶ 10; Doc. 1 ¶ 22.)  Although the Notices state that Marsh's citizenship "should be disregarded" because it is not an indispensable party to this case (Doc. 18 ¶¶ 10, 14; Doc. 1 ¶ 15), neither Notice mentions fraudulent joinder.  Fraudulent joinder was mentioned for the first time in NASIC's and Clarendon's oppositions to the present Motion, which were filed on March 18, 2011.  Because the time period to assert fraudulent joinder expired on March 10, 2011, NASIC's and Clarendon's assertion of that doctrine in their opposition memoranda was untimely, and the Court therefore rejects their argument as to fraudulent joinder.

In sum, because NASIC and Clarendon fail to demonstrate that an exception to complete diversity applies in this case, the Court finds and recommends that remand for lack of diversity jurisdiction is proper.

II.	Attorneys' Fees and Costs

Marsh, Coastal, and Haseko request attorneys' fees and costs incurred as a result of NASIC's removal of this case. (Motion at 21; Coastal Joinder at 7; Haseko Joinder at 5.)

Section 28 U.S.C. § 1447(c) provides, "An order remanding the case may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal." The standard for awarding attorney's fees when remanding a case to state court "should turn on the reasonableness of the removal." Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1065 (9th Cir. 2008) (quoting Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005)) (quotations omitted). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin, 546 U.S. at 141.

Marsh argues that fees and costs are warranted because "NASIC has attempted to remove this action, in spite of the known and undisputable lack of diversity between . . . Clarendon and Marsh." (Motion at 21.) Importantly, however, NASIC acknowledged in its Notice of Removal and Amended Notice of Removal that Marsh's presence in this case may affect diversity. (Doc. 1 ¶ 15; Doc. 18 ¶ 10.) In an attempt to overcome Marsh's effect on diversity, NASIC

13

argued in its Notices that, "as a not indispensable party Marsh can be dismissed from this action under Rule 19(b) and 21." (Doc. 18 ¶ 14.; Doc. 1 ¶ 15.) Although the Court ultimately agrees with Marsh that complete diversity is lacking in this case, the Court does not find NASIC's arguments to be objectively unreasonable as to warrant payment of attorneys' fees and costs. See Lussier, 518 F.3d at 1065 (noting that while "[t]here is no question that [the defendant's] arguments were losers[,] . . . removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted").

      Haseko simply argues that NASIC's removal was "completely frivolous." (Haseko Joinder at 5.) Coastal argues that fees and costs are proper because NASIC "intentionally remov[ed] the 'original civil number' containing the arrangement claims." (Coastal Joinder at 6.) The Court disagrees that NASIC intentionally removed the arrangement claims. Although NASIC removed the case before a new civil number was assigned to the severed coverage claims, its Notice of Removal demonstrates its intent to remove the coverage claims, not the arrangement claims: "[NASIC] prays that the newly-severed action, consisting of the insurance coverage claims . . . against [NASIC], be removed in its entirety." (Doc. 1 at Conclusion (emphasis added).)

Accordingly, the Court declines to recommend an award to Marsh, Coastal, or Haseko for fees and costs incurred as a result of NASIC's removal.

CONCLUSION

In light of the foregoing, the Court finds and recommends that Marsh's Motion to Remand to State Court be GRANTED IN PART and DENIED IN PART. Specifically, the Court recommends that this case be remanded and that fees and costs be denied.

DATED: Honolulu, Hawaii, April 29, 2011.

IT IS SO ORDERED.



/S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Coastal Construction Co., Inc. v. North American Specialty Insurance Co., et al., Civ. No. 11-00115 HG-BMK; FINDINGS AND RECOMMENDATION THAT THIRD-PARTY DEFENDANT MARSH USA INC.'S MOTION TO REMAND BE GRANTED IN PART AND DENIED IN PART.